```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**REBECCA YEAROUT, as**
**Administratrix of the**
**ESTATE OF BARRY YEAROUT,**

    Plaintiff,

v.                                    CIVIL ACTION No. 1:22-00410

**SEAN SEVERT, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to file a Second Amended Complaint. (ECF No. 22). In the motion to amend, plaintiff seeks leave of the court to: (1) add additional causes of action; (2) add additional defendants; and (3) provide additional information in support of her claims. The current defendant(s) did not file a response to the motion to amend although they did indicate in a joint motion to continue that "amendment is necessary." ECF No. 24.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178, 182 (1962),

1

the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).  According to plaintiff, she only discovered the potential new claims and new defendants during discovery in this matter.  Therefore, Rule 16(b)'s good cause requirement is satisfied.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing her motion to amend.  Furthermore, the court finds that defendant(s) would not suffer undue prejudice by the filing of the amended complaint.

Likewise, at this juncture, the court cannot find that plaintiff's claims are futile.  While the claims may ultimately be subject to dismissal or the entry of judgment in defendants' favor, it is not clear at this point in the proceeding that such claims are futile.  See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiff has established that she is entitled under Rule 15 and Rule 16 to amend her Complaint.  Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the second amended complaint (attached as an exhibit to the motion to amend).

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 30th day of April, 2024.

ENTER:

David A. Faber
Senior United States District Judge